UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DIANN H. ANGUS,<br>*Plaintiff*<br><br>v.<br><br>CHAD F. WOLF, ACTING DIRECTOR OF THE DEPARTMENT OF HOMELAND SECURITY,<br>*Defendant* | §<br>§<br>§<br>§<br>§   Case No. 1:20-cv-00242-LY-SH<br>§<br>§<br>§<br>§<br>§ |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
    UNITED STATES DISTRICT JUDGE

Before the Court is a Motion to Dismiss filed by Defendant Chad F. Wolf, Acting Director of the Department of Homeland Security, on June 22, 2020 (Dkt. 12), along with the response and reply briefs. The District Court referred all motions in this case to the undersigned Magistrate Judge for disposition and Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 15.

**I.   Background**

Plaintiff Diann Angus, proceeding *pro se*, is a federal employee who unsuccessfully applied for three job openings posted by Immigration and Customs Enforcement (ICE), an agency within the Department of Homeland Security (DHS). In 2012, Plaintiff applied for the positions of Intelligence Research Specialist and Intelligence Assistant. Dkt. 1 ¶¶ 17, 23. To fill vacant positions, ICE prepares a "certificate" for each category of eligible candidate. Dkt. 12 at 2. Plaintiff

1

asked to be placed on the "Schedule A" certificate for each position. Dkt. 1 ¶¶ 17, 23. Applicants for federal positions may be eligible for listing on a Schedule A certificate if they have a certified mental or physical disability or satisfy other criteria. *See* 5 C.F.R. § 213.3101; *id.* § 213.3102(u). Instead, for each position, Plaintiff was placed on the competitive service "merit" selection certificate. Dkt. 12-1 ¶ 6. Her applications were forwarded to the selecting official, Special Agent in Charge for San Antonio Homeland Security Investigations Jerry Robinette. Dkt. 12-1 ¶ 6. Plaintiff was not selected for either position. Dkt. 1 ¶ 21, 27.

In 2013, Plaintiff filed a formal complaint with the ICE Equal Employment Opportunity Office ("EEO"), alleging that her non-selection was the result of discrimination based on her sex, age, physical or mental disability, and in retaliation for prior EEO activity. *Id.* at 1 & ¶ 27; Dkt. 12-2; Dkt. 12-3 at 1. ICE EEO subsequently investigated Plaintiff's allegations. Dkt. 1 ¶ 32; Dkt. 12-3. Although Plaintiff initially requested a hearing before the Equal Employment Opportunity Commission ("EEOC"), she withdrew the request and asked that her case be remanded to DHS for a Final Agency Decision. Dkt. 1 ¶¶ 35, 39. In January 2019, DHS issued a Final Agency Decision concluding that ICE did not discriminate against Plaintiff and dismissed Plaintiff's complaint as untimely. *Id.* ¶ 44; Dkt. 12-4. Plaintiff appealed to the EEOC's Office of Federal Operations, which affirmed the ruling. *Id.* ¶ 45; Dkt. 12-5 at 4.

In 2016, Plaintiff applied to ICE for a third time, this time for the position of an Investigative Research Specialist. Dkt. 1 ¶ 46. Again, Plaintiff was not selected. *Id.* ¶ 47. In 2017, Plaintiff filed a second formal complaint with ICE EEO, alleging age and sex discrimination and retaliation. *Id.* ¶ 48; Dkt. 12-6 at 2. Plaintiff alleges that the EEO investigator engaged in improper tactics during the investigation, did not allow her to respond to witness statements, and failed to timely provide the investigation report. Dkt. 1 ¶¶ 50-54. Plaintiff requested a hearing before the EEOC, but

subsequently withdrew the request to file an action in federal district court. *Id.* ¶ 55; Dkt. 12-6 at 2. On February 19, 2020, the DHS issued a Final Agency Decision affirming the dismissal of Plaintiff's case based on her intent to file a federal action. Dkt. 1 ¶ 56; Dkt. 12-6 at 2-3.

On March 6, 2020, Plaintiff filed suit, alleging that her non-selection for the three positions was the result of multiple forms of illegal discrimination in ICE's hiring process and retaliation for her participation in protected activities. Dkt. 1. In her 49-page complaint, Plaintiff asserts fifteen overlapping "counts" against Defendant. Her allegations can be condensed into the following claims: (1) disability discrimination under Title II of the Americans with Disabilities Act ("ADA"); (2) failure to properly process and investigate her previous equal employment opportunity complaints; (3) sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"); (4) age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"); and (5) retaliation under Title VII. Defendant seeks dismissal of all Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). Dkt. 12.

## II.   Legal Standard

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

*Pro se* complaints are construed liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, a party's *pro se* status does not offer her an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Ferguson v. Mbank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### III.   Analysis

Defendant argues that Plaintiff's ADA claims should be dismissed because (1) there is no cause of action for failure to place an applicant on a Schedule A certificate; (2) Plaintiff failed to exhaust her administrative remedies for her disparate impact claim before filing suit; and (3) Plaintiff has not adequately pled the elements of her disability discrimination claims. Defendant further argues that Plaintiff's claims related to the agency's investigation and processing of her EEO complaint should be dismissed because they fail to state any recognized cause of action. Finally, Defendant argues that Plaintiff's discrimination claims under Title VII and the ADEA along with her retaliation claim should be dismissed because Plaintiff has not adequately pled facts to support her claims.

### A. ADA Claims (Counts 1, 2, 3, 8, 9, 13, and 14)

Plaintiff asserts that Defendant violated the ADA by discriminating against her in the hiring process due to her alleged disability. Specifically, Plaintiff alleges that Defendant should have placed her on a Schedule A certificate rather than on a competitive service selection certificate of eligible candidates for the open ICE positions. Dkt. 1 ¶¶ 2-3. Plaintiff further alleges that Defendant's "common practice" of forwarding only a competitive service selection certificate to selecting officials violates the federal hiring rules and disparately impacts Schedule A candidates with disabilities. *Id.* ¶¶ 1, 59, 61, 63.

#### 1. Schedule A

As stated above, Schedule A is an affirmative action hiring authority that allows for non-competitive appointments. *See* 5 C.F.R. § 213.3102(u). A selecting official is not required to hire or give preference to an individual simply because she appears on a Schedule A certificate. *MacDonald v. Cohen*, 233 F.3d 648, 653 (1st Cir. 2000) (finding that Schedule A authority does not require agency to give position to disabled applicant in non-competitive process without regard to qualifications relative to other applicants). Indeed, a federal employer is not required to use Schedule A in its hiring process at all. *Id.*; *Hylton v. Calabria*, Civil Action No. 17-2023 (RDM), 2020 WL 6134673, at *8 (D.D.C. Oct. 19, 2020) (noting that "the regulatory language is permissive; it does not require agencies to hire a disabled applicant through non-competitive processes"). Because the use of Schedule A hiring authority is optional, there is no independent cause of action based on a federal employer's failure to create a Schedule A certificate. *Ward-Johnson v. Glin*, Civil Action No. 1:19-cv-00534(CJN), 2020 WL 2770018, at *9 (D.D.C. May 28, 2020) (holding that failure to follow an affirmative action plan such as Schedule A does not state a claim on its own); *see also Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1071 (5th Cir. 1981)

(holding that Title VII does not require an employer to prefer a minority applicant over an equally qualified nonminority applicant). To the extent that Plaintiff's claims are based solely on Defendant's failure to place her on a Schedule A certificate rather than a competitive service certificate, Plaintiff has failed to state a claim on which relief can be granted.

### 2. Disparate Impact Discrimination

The Court next addresses Plaintiff's disparate impact claims appearing in Counts 1, 2, 3, 8, 9, 13, and 14 of her Complaint.

#### a. Failure to Exhaust Administrative Remedies

Before a plaintiff can file an ADA claim in federal court, she must exhaust her administrative remedies. *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 443 (5th Cir. 2017). To exhaust administrative remedies, a federal employee plaintiff must file a discrimination charge with the EEO division of her agency. *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006).[1] Claims alleged in the discrimination charge, or those that reasonably could have grown out of the charge, will be considered exhausted. *Id.* at 789.

Defendant argues that Plaintiff failed to include any reference in her 2013 complaint to the disparate impact claims she is pursuing in this lawsuit.[2] Thus, Defendant asserts that the disparate impact claims relating to the 2012 non-selections should be dismissed for failure to exhaust.

---

[1] Until recently, there was a split within the Fifth Circuit Court of Appeals regarding whether a failure to exhaust administrative remedies is merely a prerequisite to suit (allowing dismissal without prejudice to refiling), or whether it is jurisdictional in nature. *See Pacheco*, 448 F.3d at 788 n.7. In 2019, the United States Supreme Court resolved this issue, holding that Title VII's charge-filing instruction is not jurisdictional. *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1846 (2019) ("Prerequisites to suit like Title VII's charge-filing instruction are not of that character; they are properly ranked among the array of claim-processing rules that must be timely raised to come into play.").

[2] Plaintiff's disparate impact disability claim relates only to her 2013 complaint; her 2017 complaint does not mention disability discrimination. *See* Dkt. 12-6 at 3 (stating claim as "[w]hether ICE subjected Complainant to discrimination based upon sex [], age [], and reprisal []").

A disparate impact claim challenges facially neutral employment practices that have a disproportionately adverse effect on minorities and are otherwise unjustified by a legitimate rationale. *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009). In her 2013 EEO complaint, Plaintiff states that "my complaint is for non-selection based on sex, age, individual with a Targeted Disability and retaliation." Dkt. 12-2 at 4. Plaintiff's complaint focuses on her non-selection after making the merit certification list. She does not mention any alleged disparate impact suffered generally by qualified applicants with disabilities due to Defendant's failure to use Schedule A certificates in the certification process. *Id.* In investigating Plaintiff's complaint, the ICE Office of Diversity and Civil Rights stated that the scope of its inquiry would be limited to "whether complainant . . . was subjected to discrimination . . . when the agency did not select her" for the positions. Dkt. 12-3 at 1. The Final Agency Decision also stated that the claims at issue were based on disparate treatment relating to Plaintiff's non-selection for the open ICE positions. Dkt. 12-4 at 7, 10.

Plaintiff's 2013 EEO Complaint was based only on Plaintiff's allegations of disparate treatment in her non-selection. She did not identify any neutral employment policy or practice affecting applicants generally, but instead alleged disparate treatment in Defendant's selection decision. Therefore, she has failed to exhaust her administrative remedies for her ADA disparate impact claims. The Court recommends that Plaintiff's disparate impact claims in Counts 1, 2, 3, 8, 9, 13, and 14 of her Complaint be dismissed due to her failure to exhaust administrative remedies.

### b. Plaintiff's Claim of Disparate Impact Discrimination Fails on the Merits

Even if Plaintiff had exhausted this claim, it would be denied on the merits. To state a claim for disparate impact discrimination, a plaintiff must: (1) identify the challenged employment practice or policy and pinpoint the defendant's use of it; (2) demonstrate a disparate impact on a

protected group; and (3) demonstrate a causal relationship between the identified practice and the disparate impact. *Gonzales*, 176 F.3d at 839 n.26. In the ADA context, a plaintiff may satisfy the second prong of her prima facie case by demonstrating an adverse impact on herself rather than on an entire group. *Id.*

In her Complaint, Plaintiff alleges that Defendant engaged in the "common practice" of electing not to use a Schedule A certificate if a Schedule A applicant qualified for the merit selection certificate. This allegation satisfies the first element of a disparate impact claim. Dkt. 1 ¶¶ 1, 2, 27, 47, 58, 59. Plaintiff, however, does not allege facts sufficient to satisfy the second and third elements. Plaintiff asserts, without support, that Defendant's challenged employment practice "has led to fewer Individuals with Disabilities being hired" and "has had an adverse impact on a protected class." *Id.* ¶¶ 74, 113. She offers statistical data unrelated to the challenged employment practice. *Id.* ¶ 65-67, 72, 124. She alleges no facts showing that Defendant's hiring process disparately impacts individuals with disabilities as a group. *Id.*

Plaintiff also fails to provide facts showing that she personally suffered any adverse impact from Defendant's employment policy regarding Schedule A certificates. Defendant included Plaintiff on the competitive selection certificates, and her applications were forwarded to the selecting official for consideration despite Defendant's decision not to use a Schedule A certificate. Dkt. 12-1 ¶ 6. The only adverse impact Plaintiff alleges is her non-selection for the ICE positions. *Id.* ¶ 72. Plaintiff offers no facts linking her non-selection to Defendant's policy regarding Schedule A certificates. Plaintiff has alleged no facts to demonstrate an adverse impact that was suffered either by her personally or by individuals with disabilities generally related to Defendant's election not to use Schedule A certificates. She thus has failed to allege a plausible disparate impact claim.

### 3. Disparate Treatment Based on Disability

The ADA prohibits employers from discriminating against any qualified individual based on disability in the application and hiring process. 42 U.S.C. § 12112(a). Thus, to state a claim for disparate treatment in hiring under the ADA, a plaintiff must establish three elements: (1) at the time she sought employment, she had a disability within the meaning of the ADA; (2) she was qualified for the position; and (3) she was not hired because of her disability. *Rodriguez v. Conagra Grocery Prods. Co.*, 436 F.3d 468, 474 (5th Cir. 2006).

In her Complaint, Plaintiff alleges that she has a disability within the meaning of the ADA. Dkt 1 at 1-2. Plaintiff also alleges that she was qualified for the ICE positions for which she applied and cites to her career experience in support of that conclusion. Dkt. 1 at ¶¶ 65, 67, 121, 122. Plaintiff, however, does not allege that she was not hired because of her disability. Instead, she alleges that Defendant has failed to use affirmative action plans for applicants with disabilities generally. *Id.* at ¶¶ 61, 63, 74, 113, 155. Because Plaintiff has neither pled that her non-selection was based on her disability nor alleged that she suffered any other adverse employment action due to her disability, she has failed to state a plausible claim for disparate treatment disability discrimination under the ADA. The Court therefore recommends that the disparate treatment claims in Counts 1, 2, 3, 8, 9, 13, and 14 be dismissed.

### B. Claims Relating to Alleged Failure to Investigate (Counts 4, 5, 6, 7, and 15)

In several of her claims, Plaintiff alleges that Defendant failed to properly process and investigate her EEO complaints. Specifically, she alleges that Defendant delayed processing and investigating her complaints (Dkt. 1 ¶ 76-80 (Count 4)); erroneously documented its processing and investigation (Dkt. 1 ¶ 83-87 (Count 5)); failed to cooperate in discovery and witness disclosures (Dkt. 1 ¶ 89-91 (Count 6)); disobeyed the EEOC administrative judge's orders (Dkt. 1

¶ 95-107 (Count 7)); and improperly injected itself into the EEO investigation (Dkt. 1 ¶¶ 157-59 (Count 15)). Defendant argues that there is no recognized cause of action for the alleged investigative failures and activities of which Plaintiff complains. Dkt. 12 at 17-18.

Title VII does not confer a right of action for improper investigation or processing of a federal administrative employment discrimination complaint. *See Daniels v. Caldera*, 237 F.3d 631, 2000 WL 1701699, at *3 (5th Cir. 2000) (finding no compelling justification for an "improper complaint processing" cause of action under Title VII); *see also Newsome v. EEOC*, 37 F. App'x 87, 2002 WL 971379, at *3 (5th Cir. Apr. 22, 2002) (affirming Rule 12(b)(6) dismissal of Title VII claims against EEOC for deprivation of rights); *Gibson v. Mo. Pac. R.R.*, 579 F.2d 890, 891 (5th Cir. 1978) (holding that Title VII confers no right of action against the EEOC for improper investigation or processing of an employment discrimination charge); *Ramseur v. Perez*, 962 F. Supp. 2d 21, 29 (D.D.C. 2013) (holding that there is no cause of action under Title VII for delay or interference in the administrative process). The Court therefore recommends that Counts 4, 5, 6, 7, and 15 be dismissed for failure to state a claim.

**C.  Title VII Claim for Disparate Treatment Based on Sex (Count 10)**

Plaintiff labels Count 10 of her Complaint as "Sex Discrimination-Female." Dkt. 1 ¶ 127. She alleges that women are underrepresented in ICE's workforce, and that ICE hired four men and one woman for the open positions for which Plaintiff applied. *Id*. ¶¶ 129-31. Defendant argues that Plaintiff fails to allege facts sufficient to state a claim for sex discrimination. Dkt. 12 at 18.

To state a claim for sex discrimination under Title VII, a plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for the position she sought; (3) she suffered an adverse employment action; and (4) others similarly situated but outside the protected class were treated more favorably. *Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007). Here,

Plaintiff satisfies the first three elements, but not the fourth. Dkt. 1 at 1-2; *id*. ¶¶ 65, 67, 121-22, 128. Plaintiff alleges that four individuals were selected from the 2012 certificate, one of whom was female. Dkt. 1 ¶ 129. Plaintiff further alleges that one of the 2012 selectees, John Williams, is outside her protected class and questions Williams' qualifications. Dkt. 1 at ¶¶ 116-19. Nowhere does Plaintiff claim that she was similarly situated to Williams or any other comparator outside her protected class. Nor does Plaintiff allege that her non-selection was the result of discriminatory animus against her based on sex.

Because Plaintiff has not pled facts showing that others similarly situated but outside her protected class were treated more favorably by Defendant in its selection process, she has failed to state a plausible claim for sex discrimination under Title VII. *See Pichardo v. Centene Co.*, No. 7:19-cv-00085, 2020 WL 1308047, at *8 (S.D. Tex. Mar. 16, 2020) (dismissing sex discrimination claim). The Court recommends that Count 10 be dismissed for failure to state a claim.

**D.  ADEA Claim (Count 11)**

Plaintiff labels Count 11 of her complaint "Age Discrimination." Dkt. 1 ¶ 133. She alleges that women over 50 years of age are underrepresented in the ICE workforce, and that four individuals selected for the intelligence positions she sought were "approximately 20 or more years younger than the plaintiff." *Id.* ¶¶ 19, 133-34. Plaintiff further alleges that one of the selectees, Janie Cantu, was "personal friends" with the selecting official and was considered improperly because she lived outside the geographic area for the announcement. *Id.* ¶¶ 87, 135-37.

The public sector provisions of the ADEA state that all personnel actions affecting individuals age 40 and over shall be made free from any discrimination based on age. 29 U.S.C. § 633a(a). For federal employees, the ADEA prohibits any age discrimination in a personnel decision, not just with respect to end results. *Babb v. Wilkie*, 140 S. Ct. 1168, 1176 (2020). To state a claim for

age-related disparate treatment discrimination, a plaintiff must show that (1) she was within the protected class; (2) she was qualified for the position; (3) she suffered an adverse employment decision; and (4) she was replaced by someone younger or treated less favorably than similarly situated younger employees. *Smith v. City of Jackson*, 351 F.3d 183, 196 (5th Cir. 2003).

Plaintiff's Complaint contains allegations sufficient to satisfy the first three elements of her claim for age discrimination. Dkt. 1 at 1-2, ¶¶ 65, 67, 121-22, 133. She has not, however, satisfied the fourth element. Plaintiff does not allege that she was similarly situated to any of the younger selectees for the intelligence positions, or that consideration of her age played any part in DHS's selection process. She makes no allegation that age was considered in any of ICE's selection decisions. Instead, Plaintiff admits that the individual selected for the Intelligence Assistant position with "within the plaintiff's age group" and was selected due to a pre-existing personal relationship with the selecting official. *Id.* ¶ 135-36.

Because Plaintiff has not pled facts to show that ICE considered her age in its selection process or treated similarly situated, younger applicants more favorably, Plaintiff has failed to state a plausible claim for age discrimination under the ADEA. The Court therefore recommends that Count 11 be dismissed for failure to state a claim.

### E.  Title VII Claim for Retaliation (Count 12)

Finally, Plaintiff brings a claim for retaliation under Title VII. Plaintiff alleges that her non-selection for the ICE positions was the result of her previous engagement in protected activities, namely, serving as a witness in an EEO investigation and filing an EEO complaint. Dkt. 1 at 1-2; *id.* ¶ 4, 139, 141-47. Plaintiff alleges that selecting official Robinette and Peggy Brake, Supervisory Human Resources Specialist, retaliated against her by not considering her for the open intelligence positions in 2012. *Id.* ¶ 145.

In order to establish a prima facie case of retaliation, a plaintiff must show that (1) she engaged in an activity protected by Title VII; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action. *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007). An adverse employment action consists of ultimate employment decisions, such as hiring, granting leave, discharge, promotion, or compensation. *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004). A causal link exists when the employer's action was based in part on knowledge of the employee's protected activity. *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 684 (5th Cir. 2001). A plaintiff need not prove that her protected activity was the sole factor motivating the adverse employment decision. *See Long v. Eastfield Coll.*, 88 F.3d 300, 305 n.4 (5th Cir. 1996).

Plaintiff has pled sufficient facts to state a claim for retaliation under Title VII. Plaintiff alleges that she engaged in activities protected by Title VII in 2010, satisfying the first element. Dkt. 1 ¶ 4, 123, 142-43, 145. She also alleges that Robinette was aware of those activities. *Id.* She satisfies the second element of a retaliation claim by alleging that an adverse employment action occurred when she was not selected for either of the positions for which she applied in 2012. *Id.* ¶ 21, 27; Dkt. 12-1 ¶ 6. As for the third element, Plaintiff alleges that Robinette made a statement during the 2013 EEO investigation that displayed animus toward her participation in protected activities. *Id.* ¶ 141-42; Dkt. 13-3 at 2. She further alleges that Robinette's statement shows a causal link between her protected activity and his decision not to hire her in 2012. *Id.* ¶ 143-45; *Medina*, 238 F.3d at 684 (finding the causal link element satisfied where plaintiff showed decisionmaker had prior knowledge of EEO complaint and it was not wholly unrelated to the adverse employment action). The Court recommends that Defendant's motion to dismiss Plaintiff's retaliation claim (Count 12) be denied.

## IV. Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss (Dkt. 12) is **GRANTED IN PART** and **DENIED IN PART**. The Court **RECOMMENDS** that the District Court **DENY** Defendant's Motion as to Plaintiff's Title VII retaliation claim (Count 12), and **GRANT** the Motion and **DISMISS** with prejudice Plaintiff's ADA claims (Counts 1, 2, 3, 8, 9, 13, and 14); her claims relating to failure to investigate (Counts 4, 5, 6, 7, and 15); her Title VII claim for sex discrimination (Count 10); and her ADEA claim (Count 11).

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on December 22, 2020.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE