# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| DIANN H. ANGUS,<br>*Plaintiff*<br><br>v.<br><br>ALEJANDRO MAYORKAS,<br>DIRECTOR OF THE<br>DEPARTMENT OF<br>HOMELAND SECURITY,<br>*Defendant* | § § § § § § § § § § § § §   Case No. 1:20-CV-00242-LY-SH |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff's Request to Amend Complaint Without Leave Or in the Alternative Motion to Take Leave to File an Amended Complaint, filed June 30, 2021 (Dkt. 36); Defendant's Motion to Dismiss Amended Complaint, filed July 13, 2021 (Dkt. 37); Plaintiff's Reply to Agency's Motion to Dismiss Amended Complaint and Request to Dismiss Agency's Motion, filed July 21, 2021 (Dkt. 38); Defendant's Reply in Support of Motion to Dismiss Amended Complaint, filed July 28, 2021 (Dkt. 39); and Plaintiff's Motion in Support of the Amended Complaint and Dispositive Motion to Dismiss Agency Request for Dismissal of Amended Complaint, filed August 2, 2021 (Dkt. 40).

The District Court referred all motions in this case to the undersigned Magistrate Judge for disposition and Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 15.

1

## I.   Background

Plaintiff Diann Angus, proceeding *pro se*, is a federal employee who applied unsuccessfully for three job openings posted by Immigration and Customs Enforcement (ICE), an agency in the Department of Homeland Security (DHS). In 2012, Plaintiff applied for the positions of Intelligence Research Specialist and Intelligence Assistant. Dkt. 1 ¶¶ 17, 23. To fill vacant positions, ICE prepares a "certificate" for each category of eligible candidate. Dkt. 37 at 2. Plaintiff asked to be placed on the "Schedule A" certificate for each position. Dkt. 1 ¶¶ 17, 23. Applicants for federal positions may be eligible for listing on a Schedule A certificate if they have a certified mental or physical disability or satisfy other criteria. *See* 5 C.F.R. §§ 213.3101, 213.3102(u). Instead, Plaintiff was placed on the competitive service "merit" selection certificate for each position. Dkt. 12-1 ¶ 6. Her applications were forwarded to the selecting official, Special Agent in Charge for San Antonio Homeland Security Investigations Jerry Robinette. Dkt. 12-1 ¶ 6. Plaintiff was not selected for either position. Dkt. 1 ¶ 21, 27.

In 2013, Plaintiff filed a formal complaint with the ICE Equal Employment Opportunity Office (ICE EEO), alleging that her non-selection was the result of discrimination based on her sex, age, physical or mental disability, and in retaliation for prior EEO activity. *Id.* at 1 & ¶ 27; Dkt. 12-2; Dkt. 12-3 at 1. ICE EEO investigated Plaintiff's allegations. Dkt. 1 ¶ 32; Dkt. 12-3. Although Plaintiff initially requested a hearing before the Equal Employment Opportunity Commission (EEOC), she withdrew the request and asked that her case be remanded to DHS for a Final Agency Decision. Dkt. 1 ¶¶ 35, 39. In January 2019, DHS issued a Final Agency Decision concluding that ICE did not discriminate against Plaintiff and dismissed Plaintiff's complaint as untimely. *Id.* ¶ 44; Dkt. 12-4. Plaintiff appealed to the EEOC's Office of Federal Operations, which affirmed the ruling. Dkt. 1 ¶ 45; Dkt. 12-5 at 4.

In 2016, Plaintiff applied to ICE for a third time, this time for the position of an Investigative Research Specialist. Dkt. 1 ¶ 46. Again, Plaintiff was not selected. *Id.* ¶ 47. In 2017, Plaintiff filed a second formal complaint with ICE EEO, alleging age and sex discrimination and retaliation. *Id.* ¶ 48; Dkt. 12-6 at 2. Plaintiff alleges that the EEO investigator engaged in improper tactics during the investigation, did not allow her to respond to witness statements, and failed to timely provide the investigation report. Dkt. 1 ¶¶ 50-54. Plaintiff requested a hearing before the EEOC, but subsequently withdrew the request to file an action in federal district court. *Id.* ¶ 55; Dkt. 12-6 at 2. On February 19, 2020, the DHS issued a Final Agency Decision affirming the dismissal of Plaintiff's case based on her intent to file a federal action. Dkt. 1 ¶ 56; Dkt. 12-6 at 2-3.

On March 6, 2020, Plaintiff filed suit, alleging that her non-selection for the three positions was the result of multiple forms of illegal discrimination in ICE's hiring process and retaliation for her participation in protected activities. Dkt. 1. In her 49-page original complaint, Plaintiff asserted fifteen overlapping "counts" against Defendant. Her allegations can be condensed into the following claims: (1) disability discrimination under Title II of the Americans with Disabilities Act ("ADA"); (2) failure to properly process and investigate her previous equal employment opportunity complaints; (3) sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"); (4) age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"); and (5) retaliation under Title VII. The Court dismissed all but Plaintiff's Title VII retaliation claim (Count 12) for failure to state a claim under Rule 12(b)(6). Dkt. 27.

On June 29, 2021, Plaintiff filed an Amended Complaint without first obtaining leave of Court. Dkt. 35. Plaintiff now seeks leave to file her Amended Complaint. Dkt. 36. Defendant moves to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction and failure to state a claim. Dkt. 37.

## II.   Legal Standard

Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend its pleading once as a matter of course within: "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. FED. R. CIV. P. 15(a)(2). Leave to amend is "by no means automatic." *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991). The decision to grant or deny leave is within the sound discretion of the trial court. *Avatar Expl., Inc. v. Chevron, U.S.A., Inc.* 933 F.2d 314, 320 (5th Cir. 1991). Courts should consider five factors in determining whether to grant a party leave to amend a complaint under Rule 15(a): (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *SGIC Strategic Glob. Inv. Cap., Inc. v. Burger King Europe GmbH*, 839 F.3d 422, 428 (5th Cir. 2016).

Because Rule15(a) evinces a bias in favor of granting leave to amend, a district court must possess a substantial reason to deny a request. *Id*. It is within the court's discretion to deny a motion to amend if it is futile. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). A proposed amendment is futile if it fails to state a claim on which relief could be granted under the Rule 12(b)(6) standard. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). A proposed amendment also is futile where the court would lack subject matter jurisdiction over the amended claim. *See Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627-28 (5th Cir. 2017).

### III.  Analysis

Plaintiff states that her Amended Complaint "relates back [to] the original complaint" and "is to be re-alleged, incorporated and adopted into [the] original complaint." Dkt. 35 at 1. The Amended Complaint contains three "counts" against Defendant. Plaintiff's first count[1] is a new claim for defamation relating to a statement Robinette allegedly made in an email to an EEO investigator during the 2013 investigation. Dkt. 35 ¶ 76. The first count also restates Plaintiff's retaliation claim for her non-selection. *Id.* ¶¶ 76-79. The second count asserts the previously dismissed claim that Defendant violated federal law by failing to place Plaintiff on a Schedule A certificate. *Id.* ¶¶ 80-82. The third count re-urges Plaintiff's new claim for defamation. *Id.* ¶ 83.

Plaintiff's proposed amendments are futile and redundant. The first and third counts fail because the Court lacks jurisdiction over Plaintiff's defamation claim under the Federal Tort Claims Act (FTCA), which waives the federal government's immunity from suit. *Davila v. U.S.*, 713 F.3d 248, 256 (5th Cir. 2013). The FTCA's waiver of immunity is subject to several exceptions, including "[a]ny claim arising out of . . . libel, slander, [or] misrepresentation." 28 U.S.C. § 2680(h). Absent a waiver of sovereign immunity under the FTCA, federal courts have no jurisdiction over Plaintiff's defamation claim against Defendant. *Baker v. McHugh*, 672 F. App'x 357, 362 (5th Cir. 2016). The second count of Plaintiff's Amended Complaint fails because the Court already found that Defendant's failure to use Schedule A certificates in its hiring process fails state a claim under Rule 12(b)(6). Dkt. 27 at 2-3.

Plaintiff's Amended Complaint also contains the same retaliation claim she asserts in her original complaint relating to her three non-selections. Dkt. 1 ¶¶ 139-47; Dkt. 35 ¶¶ 76-79.

---

[1] Plaintiff's Amended Complaint includes two sections labeled "Count One." Dkt. 35 at 3, 18. The first "Count I" appears under the section entitled "Factual Allegations." *Id.* at 3. The second "Count 1" appears under the section entitled "Cause[s] of Action." *Id.* at 17-18.

Plaintiff's amendment adds no new theories of recovery and merely restates facts previously alleged. *See Davis v. Vilsack*, No. 14-3320, 2015 WL 5012838, at *2 (W.D. La. Aug. 21, 2015) (denying leave to amend because where proposed amendment was redundant and futile); *Eleven Line, Inc. v. N. Tex. State Soccer Ass'n*, No. CA 3-95-C-3120-R, 1998 WL 25566, at *5 (N.D. Tex. Jan. 13, 1998) (dismissing duplicative claim in amended complaint as redundant and unnecessary).

Because her proposed amendments are futile and redundant, Plaintiff's motion for leave to amend should be denied. *See Wells Fargo Bank, N.A. v. Peirce*, No. 4:16-cv-98, 2016 WL 4734634, at *10 (S.D. Tex. Aug. 12, 2016), *R. & R. adopted*, 2016 WL 4733162 (S.D. Tex. Sept. 7, 2016) (denying leave to amend complaint where court lacked subject matter jurisdiction over new tort claims); *Buchanan v. U.S. Bank, N.A.*, No. H-13-3525, 2014 WL 3045107, at *3 (S.D. Tex. July 3, 2014) (stating that "a plaintiff should be denied leave to amend a complaint if the court determines that the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face").

### IV. Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's Request to Amend Complaint Without Leave Or in the Alternative Motion to Take Leave to File an Amended Complaint (Dkt. 36) be **DENIED**.

The Court **FURTHER RECOMMENDS** that the District Court **STRIKE** Plaintiff's Amended Complaint (Dkt. 35), which was filed without leave of Court.

The Court **FURTHER RECOMMENDS** that the District Court **DISMISS AS MOOT** Defendant's Motion to Dismiss Amended Complaint (Dkt. 37) and Plaintiff's Motion in Support of the Amended Complaint and Dispositive Motion to Dismiss Agency Request for Dismissal of Amended Complaint (Dkt. 40).

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on September 24, 2021.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE