# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| DIANN H. ANGUS,<br>*Plaintiff*<br><br>v.<br><br>ALEJANDRO MAYORKAS,<br>DIRECTOR OF THE<br>DEPARTMENT OF<br>HOMELAND SECURITY,<br>*Defendant* | §<br>§<br>§<br>§<br>§    Case No. 1:20-CV-00242-LY-SH<br>§<br>§<br>§<br>§<br>§ |

## ORDER

Before the Court are Plaintiff's Motion in Limine to Exclude All Witness[es] and Documents as Undisclosed Documents, filed August 13, 2021 (Dkt. 42); Plaintiff's Motion to Compel and Request for Sanctions, filed September 13, 2021 (Dkt. 49); and the associated response and reply briefs. The District Court referred all motions in this case to the undersigned Magistrate Judge for disposition and Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). Dkt. 15.

## I.   Background

Plaintiff Diann Angus, proceeding *pro se*, is a federal employee who applied unsuccessfully for three job openings posted by Immigration and Customs Enforcement ("ICE"), an agency in the Department of Homeland Security ("DHS"). In 2012, Plaintiff applied for the positions of Intelligence Research Specialist and Intelligence Assistant. Dkt. 1 ¶¶ 17, 23. To fill vacant positions, ICE prepares a "certificate" for each category of eligible candidate. Dkt. 37 at 2. Plaintiff asked to be placed on the "Schedule A" certificate for each position. Dkt. 1 ¶¶ 17, 23. Applicants for federal positions may be eligible for listing on a Schedule A certificate if they have a certified

1

mental or physical disability or satisfy other criteria. *See* 5 C.F.R. §§ 213.3101, 213.3102(u). Instead, Plaintiff was placed on the competitive service "merit" selection certificate for each position. Dkt. 12-1 ¶ 6. Her applications were forwarded to the selecting official, Special Agent in Charge for San Antonio Homeland Security Investigations Jerry Robinette. Dkt. 12-1 ¶ 6. Plaintiff was not selected for either position. Dkt. 1 ¶¶ 21, 27.

In 2013, Plaintiff filed a formal complaint with the ICE Equal Employment Opportunity Office ("ICE EEO"), alleging that her non-selection was the result of discrimination based on her sex, age, and physical or mental disability, and in retaliation for prior EEO activity. *Id.* at 1 & ¶ 27; Dkt. 12-2; Dkt. 12-3 at 2. ICE EEO investigated Plaintiff's allegations. Dkt. 1 ¶ 32; Dkt. 12-3. Although Plaintiff initially requested a hearing before the Equal Employment Opportunity Commission ("EEOC"), she withdrew the request and asked that her case be remanded to DHS for a Final Agency Decision. Dkt. 1 ¶¶ 35, 39. In January 2019, DHS issued a Final Agency Decision concluding that ICE did not discriminate against Plaintiff and dismissed Plaintiff's complaint as untimely. *Id.* ¶ 44; Dkt. 12-4. Plaintiff appealed to the EEOC's Office of Federal Operations, which affirmed the ruling. Dkt. 1 ¶ 45; Dkt. 12-5 at 4.

In 2016, Plaintiff applied to ICE for a third time, this time for the position of an Investigative Research Specialist. Dkt. 1 ¶ 46. Again, Plaintiff was not selected. *Id.* ¶ 47. In 2017, Plaintiff filed a second formal complaint with ICE EEO, alleging age and sex discrimination and retaliation. *Id.* ¶ 48; Dkt. 12-6 at 2. Plaintiff alleges that the EEO investigator engaged in improper tactics during the investigation, did not allow her to respond to witness statements, and failed to timely provide the investigation report. Dkt. 1 ¶¶ 50-54. Plaintiff requested a hearing before the EEOC, but subsequently withdrew the request to file an action in federal district court. *Id.* ¶ 55; Dkt. 12-6 at

2. On February 19, 2020, DHS issued a Final Agency Decision affirming the dismissal of Plaintiff's case based on her intent to file a federal action. Dkt. 1 ¶ 56; Dkt. 12-6 at 2-3.

On March 6, 2020, Plaintiff filed suit, alleging that her non-selection for the three positions was the result of multiple forms of illegal discrimination in ICE's hiring process and retaliation for her participation in protected activities. Dkt. 1. In her 49-page original complaint, Plaintiff asserted fifteen overlapping "counts" against Defendant. Her allegations can be condensed into the following claims: (1) disability discrimination under Title II of the Americans with Disabilities Act; (2) failure to properly process and investigate her previous equal employment opportunity complaints; (3) sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"); (4) age discrimination under the Age Discrimination in Employment Act of 1967; and (5) retaliation under Title VII. The undersigned issued a Report and Recommendation to dismiss all Plaintiff's claims for failure to state a claim under Rule 12(b)(6) except her Title VII retaliation claim (Count 12). Dkt. 21. The District Court adopted the Report and Recommendation. Dkt. 27.

Plaintiff now moves to exclude all witnesses and proposed exhibits in Defendant's Rule 26(a) disclosures as a sanction for untimely service. Dkt. 42. Plaintiff also asks the Court to compel Defendant to produce certain documents and impose sanctions for alleged discovery violations. Dkt. 49.

## II.     Plaintiff's Motion in Limine

The Court's Scheduling Order set an August 6, 2021 deadline for Defendant to file his designation of witnesses, experts, and exhibits. Dkt. 34 ¶ 2. Defendant did not timely file his designations due to an erroneous calendar entry. Dkt. 43 at 1. On August 13, 2021, Plaintiff contacted Defendant regarding the omission. *Id.* Defendant filed and served his designation within

3

an hour of learning of the oversight. *Id.*; Dkt. 41. Plaintiff filed her motion in limine after receiving the designations. Dkt. 42-1 at 1.

A court may impose sanctions for discovery violations pursuant to Federal Rule of Civil Procedure 37. Rule 37(b)(2)(A) provides for sanctions if a party or its agent "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)." Rule 37(c)(1) states:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless that failure was substantially justified or is harmless.

Courts consider the following factors in determining whether a failure to disclose is harmless: (1) the importance of the evidence; (2) the potential prejudice to the opposing party from including the evidence; (3) the availability of a continuance; and (4) the explanation for the party's failure to disclose. *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563-64 (5th Cir. 2004).

Defendant has disclosed the information required by Paragraph 2 of the Court's Scheduling Order. Defendant gave a reasonable explanation for his delay and immediately remedied his oversight when Plaintiff inquired. Defendant's seven-day delay in service did not prejudice Plaintiff because discovery remained open for another four months and trial is not set until June 2022. Dkt. 34 ¶¶ 6, 8. Defendant's delay in serving his designations was harmless and does not support the exclusion of evidence. *See Guerra v. United States*, EP-18-CV-00270-FM, 2019 WL 7761441, at *2 (W.D. Tex. Nov. 7, 2019) (finding that failure to disclose evidence in initial disclosures did not require Rule 37 exclusion where plaintiff received the evidence two months before close of discovery and four months before trial). Accordingly, Plaintiff's Motion in Limine to Exclude All Witness[es] and Documents as Undisclosed Documents (Dkt. 42) is **DENIED**.

### III.     Plaintiff's Motion to Compel and Request for Sanctions

In her Motion to Compel and Request for Sanctions, Plaintiff seeks sanctions against Defendant because he allegedly "attempted to perpetrate a fraud on the Court and purposely malign the Plaintiff" by objecting to her discovery requests to the extent "they seek information subject to the Privacy Act, 5 U.S.C. § 552a, such as date of birth, home address, telephone number, or social security number of any person identified." Dkt. 49 at 2; Dkt. 57-1 at 2. Plaintiff asserts that she never specifically sought information covered by the Privacy Act. Dkt. 49 at 2. Plaintiff also moves for the production of eight categories of documents related to (1) Plaintiff's previously dismissed Schedule A claims; (2) past discrimination charges against Robinette and Human Resources Specialist Peggy Brake; and (3) any previous litigation in which Robinette testified. *Id.* at 16-17.

#### A.  Request for Sanctions

Federal Rule of Civil Procedure 26(c)(1) and Local Rule CV-26(c) allow a party to seek entry of a protective order. On August 26, 2021, anticipating the production of documents subject to federal privacy laws, Defendant moved for entry of the Court's form protective order (Appendix H-1 to the Local Rules). Dkt. 48 at 1. Plaintiff opposed the motion. *Id.* at 2. On August 31, 2021, Defendant responded to Plaintiff's First Requests for Production and objected to producing information subject to the Privacy Act. Dkt. 57-1 at 2. The Court entered a Confidentiality and Protective Order on September 17, 2021. Dkt. 52. Defendant subsequently produced documents to Plaintiff, marking as "Confidential" those containing information subject to the Privacy Act. Dkt. 57 at 2. Plaintiff's Request for Sanctions relating to Defendant's Privacy Act objection is frivolous and therefore is **DENIED**.

**B. Motion to Compel**

Federal Rule of Civil Procedure 26(b)(1) provides that: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004)).

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). The party resisting discovery must show how each discovery request is not relevant or otherwise objectionable. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). A trial court enjoys wide discretion in determining the scope and effect of discovery. *JP Morgan Chase Bank, N.A. v. DataTreasury Corp.*, 936 F.3d 251, 255 (5th Cir. 2019).

**1. Schedule A Claims (Requests for Production Nos. 1, 2, 5, 7, and 8)**

Requests for Production Nos. 1, 2, 5, 7, and 8 seek documents regarding Defendant's use of Schedule A certificates in its hiring process, as follows:

> **Request for Production No. 1:** Peggy Brake stated that the Agency (DHS and ICE) had a policy that if a Schedule A applicant makes and are reachable on the competitive list, they are not placed on the Affirmative Action Schedule A certificate. Produce all documents in the Agency's possession, custody or control that related to and includes a copy of the signed and dated policy to which Peggy Brake swore the Agency was using and provide any publications and dates of publications where the policy was published.
>
> (a) Provide name and title of the individual signing the policy at the time of signature.
>
> (b) Please stipulate whether this policy applies to only Schedule A applicants or does this policy equally apply to veterans and which other hiring authorities this policy has been used on.

6

**Request for Production No. 2**: Please provide copies of the Schedule A certificates that were referred to the Selecting Official for each of the following job announcements:

    a. DAL-INT 700288-MP-JJT

    b. DAL-INV-1771497-MP-JCD

    c. DAL-INT-710627-MP-FG

    d. DAL-INV-1109219-DEU-PM

    e. DAL-INV-527533-DEU-RDD

    f. DAL-INV-1876981-MP-DLD

    g. DAL-INV-10513579-MP-RMD

    h. DAL-OPR-10547852-DH-JCD

    i. DAL-INV-527533-DEU-RDD

**Request for Production No. 5:** Please provide[ ] all document[s] related to the procedures of how the Agency handles Schedule A applications through any means that those applications are received.

**Request for Production No. 7:** Please provide all training certificates of training or training attended for both Jerry Robinette a[nd] Peggy Brake for any training received on Schedule A, Diversity, Individuals with Targeted Disabilities and Affirmative Action.

**Request for Production No. 8:** Please provide all broadcast messages, memorandums emails and PowerPoint presentations that the Agency has sent out or used which a component of those emails, broadcast messages or PowerPoint presentations that in part are [sic] in whole concerned Schedule A, Diversity, Individuals with Targeted Disabilities, Affirmative Action Model Employer status for the years of 2011-2017.

Dkt. 49 at 16-17. Defendant objects to these five requests as not reasonably calculated to lead to the discovery of admissible evidence, not relevant to any claim or defense, and not proportional to the needs of the case. Dkt. 57-1 at 3-5. Defendant argues that his use of the Schedule A hiring authority has no bearing on any element or defense to Plaintiff's remaining claim for retaliation. Dkt. 57 at 4. Plaintiff asserts that Defendant's failure to use a Schedule A certificate is relevant to her Title VII retaliation claim, but she does not explain how. Dkt. 49 at 2-5, 7, 9-11.

The District Court has dismissed with prejudice Plaintiff's claims relating to Defendant's use of Schedule A certificates in its hiring process. Dkt. 27 at 2-3. Therefore, the Court finds that the documents Plaintiff seeks in these requests are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery the admissible evidence. *See Davis v. U.S. Marshals Serv.*, 849 F. App'x 80, 87 (5th Cir. 2021) (affirming denial of motion to compel where documents were not relevant to plaintiff's remaining claim); *Curry v. Strain*, 262 F. App'x 650, 652 (5th Cir. 2008) (finding no abuse of discretion where district court denied motion to compel because discovery related to dismissed claims). Accordingly, the Court **DENIES** Plaintiff's Motion to Compel production of documents responsive to Requests for Production Nos. 1, 2, 5, 7, and 8.

### 2. Other Discrimination Charges (Requests for Production Nos. 3 and 4)

Requests for Production Nos. 3 and 4 seek information related to other charges of discrimination against Robinette and Brake. The requests state:

> **Request for Production No. 3:** Please provide all other charges of discrimination against Jerry Robinette, or where Jerry Robinette was a named Responsible Management Official in the case from 2011 until 45 days after his retirement.
>
> (a) Provide the charges for each case.
>
> (b) Provide the outcomes of each case.
>
> **Request for Production No. 4:** Please provide all other charges of discrimination against Peggy Brake, or where Peggy Brake was a named Responsible Management Official in the case from 2011 until 45 days after her retirement.
>
> (a) Provide the charges for each case.
>
> (b) Provide the outcomes of each case.

Dkt. 49 at 17. Defendant objects to the requests as not reasonably calculated to lead to the discovery of admissible evidence, not relevant to any claim or defense, not proportional to the needs of the case, and irrelevant. Dkt. 57-1 at 4. Subject to its asserted objections, Defendant timely

responded that "there were no findings of discrimination against [Robinette or Brake]" during the specified period. Dkt. 57-1 at 4.

Defendant argues that Plaintiff's retaliation claim is distinct from her discrimination claims, which have been dismissed. Dkt. 57 at 5. Plaintiff argues that other cases involving Robinette and Brake could "show evidence of a pattern" of discrimination, and therefore are subject to discovery. Dkt. 49 at 5-6. Plaintiff cites *Hale v. Napolitano*, No. SA-08-CA-106-XR, 2009 WL 1507144 (W.D. Tex. May 28, 2009), a Title VII case in which she alleges Robinette was involved. Robinette is not mentioned in the opinion. *Id*.

"Discrimination and retaliation claims are distinct." *Frazier v. Sabine River Auth.*, 509 F. App'x 370, 374 (5th Cir. 2013). To prove discrimination under Title VII, a plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for the position she sought; (3) she suffered an adverse employment action; and (4) others similarly situated but outside the protected class were treated more favorably. *Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007). To prove retaliation under Title VII, a plaintiff must show that (1) she engaged in an activity protected by Title VII; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action. *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007). "[C]ourts typically allow limited discovery of other complaints or incidents of alleged discrimination or retaliation to show motive, intent, or purpose, but only where the incidents relate to other similarly situated employees." *Crain v. Judson Indep. Sch. Dist.*, No. SA-16-CV-00832-XR, 2017 WL 10581119, at *2 (W.D. Tex. Oct. 18, 2017). Plaintiff seeks information relating to previous discrimination claims against Robinette and Brake, which is not relevant to her retaliation claim. For these reasons, The Court **DENIES** Plaintiff's Motion to Compel as to Requests Nos. 3 and 4.

### 3. Previous Robinette Cases (Request for Production No. 6)

Request for Production No. 6 states:

> **Request for Production No. 6:** Please provide any State or Federal cases in which the decisions were overturned in which Jerry Robinette testified.
> 
>     (a) Case number
> 
>     (b) Jurisdiction and Court

Dkt. 49 at 17. Defendant objects to the request as vague, contending that it is unclear what Plaintiff seeks by "cases in which the decisions were overturned." Dkt. 57-1 at 5. Defendant further objects that the request is not relevant, not limited to cases in which Robinette testified in his capacity as a federal employee, and seeks information and documents outside the possession, custody, or control of DHS. *Id.* Defendant points out that "Robinette retired from DHS in 2012, nearly a decade ago . . . . And DHS does not maintain a database of its former employees' testimony." Dkt. 57 at 6.

In her Motion, Plaintiff clarifies that she is referring to Robinette's testimony discussed in the District Court's amended order granting a petition for writ of habeas corpus in *Guerra v. Collins*, 916 F. Supp. 620, 636 (S.D. Tex. 1995), and to "another case which we believe would be a Civil Rights violation." Dkt. 49 at 8. *Guerra v. Collins* concerns a 1982 capital murder conviction. It appears that Robinette testified at Guerra's trial in state court as an officer of the Houston Police Department. *Id.*, 916 F. Supp. at 636. Plaintiff argues that the District Court's characterization on habeas review of Robinette's trial testimony as "inconsistent" with another witness's testimony and with police reports is relevant to his credibility. *See id.*; Dkt. 49 at 8.

Plaintiff appears to request identification – by case number, jurisdiction, and court – of any other state or federal cases that have been reversed in which Robinette testified. To the extent that Defendant may possess such information, it may bear on Robinette's credibility and therefore is

10

discoverable. *See* 8 RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE (WRIGHT & MILLER) § 2015 (3d ed. Apr. 2021 Update) (stating that discovery "is commonly allowed in which the discovering party seeks information with which to impeach witnesses for the opposition," including "matters that go to his credibility"). Accordingly, the Court **GRANTS** Plaintiff's Motion to Compel as to Request No. 6 to the extent that Defendant must produce any documents in its possession, custody, or control which identify any state or federal cases that have been reversed in which Robinette testified.

### 4. Conclusion as to Motion to Compel

Plaintiff's Motion to Compel (Dkt. 49) is **GRANTED IN PART and DENIED IN PART**. The Court **GRANTS** the Motion to Compel as to Request for Production 6, subject to the limitation stated herein, and **DENIES** the Motion to Compel regarding all other Requests for Production. The Court further **DENIES** Plaintiff's Request for Sanctions.

**SIGNED** on November 16, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE